UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

F.C. FRANCHISING SYSTEMS, INC.,        Case No. 1:11-cv-740

    Plaintiff,        Judge Timothy S. Black

v.

WAYNE THOMAS SCHWEIZER,
FAITH PAINTING, LCC, and
NORTH TEXAS SPECTRUM PAINTING LLC,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 11)**

This civil action is before the Court on Plaintiff's Motion for Default Judgment against Defendants Wayne Thomas Schweizer, Faith Painting, LLC, and North Texas Spectrum Painting, LLC (Doc. 11). Defendants did not file a response to Plaintiff's Motion, and the time for doing so has expired.

**I.    PROCEDURAL HISTORY**

Plaintiff filed its Complaint on October 21, 2011. (Doc. 2). Defendants were served on October 31, 2011, but failed to answer on or before November 21, 2011, as required by Fed. R. Civ. P. 12(a)(1)(A)(i). (Docs. 4, 5, and 6). On January 5, 2012, the Clerk of the Court entered a default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Doc. 10). Plaintiff then filed a Motion for Default Judgment against Defendants

Schweizer, Faith Painting, and North Texas Spectrum Painting on January 9, 2012. (Doc. 11).[1] Plaintiff seeks $187,572 in damages and an injunction against all Defendants.

Defendant Schweizer subsequently notified the Court that he had filed a bankruptcy petition in the Northern District of Texas, which resulted in an automatic stay in these proceedings pursuant to 11 U.S.C. § 362(a). (Doc. 12). On May 9, 2012, Plaintiff notified the Court that he had received a notice of Discharge of Debtor relating to Defendant Schweitzer (Doc. 15). The Discharge lifted the stay in this case, and the Motion is now ripe for review. *See* 11 U.S.C. § 362(c)(2)(C).

## II. FACTUAL BACKGROUND

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 772 F.2d 1319, 1323 (7th Cir. 1983); *see also Trice v. Lake & Country Real Estate*, No. 86-1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987). The following are the facts set forth in the Complaint:

Plaintiff F.C. Franchising Systems, Inc. (FCFSI) offers franchises to operate residential and painting service businesses under the trade name "Fresh Coat." (Doc. 2 at ¶2). In May 2008, Defendant Schweizer and FCFSI entered into a franchise contract, and

---

[1] Plaintiff first filed a Motion for Default Judgment on December 22, 2011 without first obtaining an entry of default from the Clerk of the Court as required by Fed. R. Civ. P. 55. (Doc. 8). That motion is denied as moot.

thereafter Schweizer began operating as Fresh Coat franchise number 91125 in coordination with Defendant Faith Painting.[2] (*Id*. at ¶12).

As a franchisee, Schweizer agreed to abide by the terms of FCFSI's Franchise Agreement. Pursuant to the Agreement, Schweizer is required to submit weekly sales reports, submit copies of his federal income tax returns, and pay weekly Royalty and National Branding Fees to FCFSI.[3] (*Id.* at ¶15). The Agreement also provided that FCFSI could terminate the agreement if Schweizer failed to pay any sum due, furnish any report when due, understated Gross Revenues, operate the franchised business in compliance with the terms of the Agreement, or perform any provision of the Agreement. (*Id*. at ¶16).

If the agreement were terminated by FCFSI, Schweizer agreed to cease operating his Fresh Coat franchise, including trademarks, phone numbers, web pages, and advertisements. (*Id*. at ¶18). The Agreement provided that Schweizer would not directly or indirectly operate a business within 15 miles of the geographical boundaries of a Fresh Coat territory that offered the same services or competed with FCFSI or its franchises for a period of two years after the termination of the Franchise Agreement. (*Id*. at ¶19). Schweizer agreed that the violation of the non-competition covenants would result in

---

[2] Plaintiff alleges that Schweizer is the sole member of Defendant Faith Painting, LLC. (Doc. 2 at ¶ 3).
[3] The weekly Royalty Fee is six percent of the Franchise's gross revenues or $75.00 per month, whichever was greater. The National Branding fee is $150 per month. The Franchise Agreement imposed a late fee on any payment that was not received within five days of the due date of $20.00 or ten percent of the amount due, whichever was greater . The Franchise Agreement also imposed eighteen percent interest on any payment that was not received within thirty days after the due date. (*See* Doc. 2, Ex. 5 at 4-5).

3

"irreparable injury" to FCFSI and agreed to pay any court costs and attorneys' fees FCFSI incurred by obtaining an injunction to enforce the Agreement. (*Id.*).

In April 2009, Schweizer and Faith Painting breached the Agreement by failing to provide FCFSI with a copy of their 2008 federal income tax returns. (*Id*. at ¶22). Schweizer also failed to submit weekly sales reports and Royalty and National Branding fees after October 2009. (*Id*. at ¶23). On December 28, 2009, FCFSI notified Schweizer and Faith Painting in a written notice that they were in default of the Franchise Agreement, that they had thirty days to cure the defaults, and that if the defaults were not cured within that time period FCFSI would terminate the Franchise Agreement. (*Id*. at ¶27). Defendants failed to cure the defaults, and FCFSI terminated Schweizer's Fresh Coat franchise in a letter dated March 15, 2010. (*Id*. at ¶29). The notice of termination demanded that the Defendants:

1. Cease to operate their Fresh Coat franchise or hold themselves out as a present or former Fresh Coat Franchisee;

2. Cease to use, by advertising or in any manner whatsoever, any equipment, materials, confidential methods, procedures, or techniques associated with the Fresh Coat franchise system or which display any of FCFSI's trademarks, logos, slogans, or symbols;

3. Turn over their Fresh Coat operations manual, brochures, contracts, correspondence, customer files, computer database records, and any other materials relating to their Fresh Coat franchise, together with all copies thereof;

4. Assign their business telephone numbers to FCFSI; and

5. For a two year period, refrain from operating a competing business within 15 miles of any Fresh Coat franchise territory. (*Id*.).

After the termination of the Franchise Agreement, FCFSI became aware that Schweizer and Faith Painting were continuing to provide painting services in violation of the non-compete covenants of the Franchise Agreement.  (*Id*. at ¶30).  FCFSI sent a letter dated April 2010, demanding that Schweizer and Faith Painting comply with the non-compete covenants of the Franchise Agreement.  (*Id*. at ¶32).  Defendants did not do so. (*Id*.).

In May 2010, Schweizer formed Defendant North Texas Spectrum Painting[4] and began offering and providing painting services.  (*Id*. at ¶33).  Defendants have continued providing painting services in violation of the non-compete provisions of the Franchise Agreement.  (*Id*. at ¶34).  At times, the painting services have been provided under the name Fresh Coat and at other times the painting services have been provided under the name Spectrum Painting.  (*Id*.).  Defendants have failed to comply with FCFSI's cease and desist demands and were still providing the same services they provided under the Franchise Agreement as of October 10, 2011.  (*Id*. at ¶35).

## III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven."  *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist.

---

[4] Plaintiff also alleges that Schweizer is the sole member of Defendant North Texas Spectrum Painting LLC. (Doc. 2 at ¶3).

LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

The Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III.   ANALYSIS

Plaintiff has requested that the Court enter a default judgment in the amount of $187,572, issue an injunction against Defendants Schweizer, Faith Painting, and North Texas Spectrum Painting, and award Plaintiff court costs for this action. (Doc. 11at 2).

### A.   Damages

Plaintiff seeks $187,572 in total damages against all Defendants, with joint and several liability. Specifically, Plaintiff is seeking: (a) $170,695 in Royalties from expected gross revenues from November 2009 through the expiration of the Franchise Agreement; (b) $5,177 in delinquent National Branding Fees from November 2009 through December 2011; and (c) $11,700 in National Branding Fees from January 1, 2012 through the end of the initial term of the Franchise Agreement.

6

### 1. Claims against Defendant Schweizer

On April 30, 2012, the United States Bankruptcy Court granted Schweizer an order of discharge, listing Plaintiff as among the debtors whose debts are discharged. (*See* Doc. 15 at 3; 11 U.S.C. § 362(c)(2)(C)). The discharge order operates as an injunction against the continuation of any action to collect, recover, or offset any discharged debt. 11 U.S.C. § 524(a)(2). Accordingly, Plaintiffs may not recover any damages against Defendant Schweizer in this action.

### 2. Claims against Defendants Faith Painting and North Texas Spectrum Painting

While the order of discharge prohibits the recovery of damages from Schweizer, Plaintiff may proceed on its damages claim against Defendants Faith Painting and North Texas Spectrum Painting. While factual allegations of liability are presumed to be true upon a motion for default judgment, "it remains for the district court to consider whether the unchallenged facts constitute a cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (internal quotations omitted).

Although Defendants Faith Painting LLC and North Texas Spectrum Painting LLC were not party to the Franchise Agreement, Plaintiff seeks damages against them on the theory of joint and several liability. (*See* Doc. 8 at 2). The Franchise Agreement does not contain a provision regarding joint and several liability, but Plaintiff alleges in its complaint that Faith Painting LCC and North Texas Spectrum Painting are the alter egos of Defendant Schweizer. (*See* Doc. 2 at ¶ 6). It appears that Plaintiff is arguing

7

Defendants are joint and severally liable under Ohio's alter ego doctrine,[5] but Plaintiff has provided the Court with any evidence upon which to make that legal conclusion. Therefore, the Court finds an insufficient legal basis to enter judgment for damages against Defendants Faith Painting and North Texas Spectrum Painting.[6]

### B. Injunctive Relief

Plaintiff also seeks a permanent injunction against Defendants Schweizer, Faith Painting, LLC, and North Texas Spectrum LLC, directing the Defendants to immediately:

  i. Cease to operate their Fresh Coat franchise or hold themselves out as a present or former Fresh Coat Franchisee;

  ii. Cease to use, by advertising or in any manner whatsoever, any equipment, materials, confidential methods, procedures, or techniques associated with the Fresh Coat franchise system or which display any of FCFSI's trademarks, logos, slogans, or symbols;

  iii. Turn over their Fresh Coat operations manual, brochures, contracts, correspondence, customer files, computer database records, and any other materials relating to their Fresh Coat franchise, together with all copies thereof;

  iv. Assign their business telephone numbers to FCFSI; and

---

[5] The Ohio alter ego doctrine allows the imposition of liability when the plaintiff can "show that the individual and the corporation are fundamentally indistinguishable." *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (Ohio 2005).

[6] The Court also notes that even if it there were a viable legal theory for imposing liability on Defendants Faith Painting and North Texas Spectrum LLC, Plaintiffs must demonstrate damages to a reasonable certainty. *See Vesligaj v. Peterson*, 331 Fed. Appx 351, 355 (6th Cir. 2009). Plaintiff seeks $170, 695 in Royalties on the basis of Defendants' expected future earnings. (Doc. 11, Ex. 1 at ¶ 11). Aside from its assertion that these results were "based upon the weekly sales reports submitted by Defendants Schweizer and Faith Painting," Plaintiff's affidavits do not evidence, and the Court is unable to ascertain, that these expected future earnings can be demonstrated with reasonable certainty. (*Id.*). Similarly, Plaintiff has not provided the Court with any basis to support its request for $16,877 in unpaid National Branding Fees. (*Id.* at ¶ 12).

        v.        For a two year period, refrain from operating a competing business within 15 miles of any Fresh Coat franchise territory.  (Doc. 11, Ex. 3).

The Order of Discharge prevents only monetary claims against Schweizer; Plaintiffs may still proceed with injunctive claims. *See* 11 U.S.C. § 524(a)(2)(a).  Where defendants are in default and where the applicable statute provides for injunctive relief as a possible remedy, a court may issue an injunction.  *Bravado Int'l Group Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 199 (E.D.N.Y. 2009).  Under Ohio law, injunctive relief may be an appropriate remedy to prevent further breach of contract, dissemination of trade secrets, or violation of a valid non-compete clause.  *Raimonde v. Van Vlerah*, 325 N.E.2d 544, 546–548 (Ohio 1975); *United Aircraft Products v. Warrick*, 72 N.E. 2d 669, 674 (Ohio Ct. App. 1945).  In determining whether injunctive relief is appropriate, the Court must consider: (1) whether the party seeking injunctive relief is likely to succeed on the merits; (2) whether issuing injunctive relief will prevent irreparable harm for which there exists no adequate remedy at law; (3) whether and to what extent others will be injured by granting such relief; and (4) whether the public interest will be served by granting injunctive relief.  *Cleveland v. Cleveland Elec. Illum. Co.*, 684 N.E. 343, 350 (Ohio Ct. App. 1990).

By virtue of default, Plaintiff has achieved success on the merits on its claims that Defendant Schweizer breached the contract terms when he failed to complete the specified actions after the termination of the Franchise Agreement, that Defendants Schweizer and Faith Painting have misappropriated trade secrets, and that Defendant North Texas Spectrum Painting has intentionally interfered with a business relationship.

(*See* Doc. 2 at ¶¶ 61). Plaintiff has also adequately pled facts to demonstrate that failure to grant the injunction would result in Plaintiff's continued exposure to harm with no method of recourse. The Court therefore finds the proposed terms of the proposed injunction appropriate.

### C. Costs

Plaintiff also seeks an order that Defendants shall pay the costs of the Court. (Doc. 11, Ex. 3). While an award of court costs may be appropriate upon entry of a default judgment, *see PT (Persero) Merpati Nusantara Airlines v. Thirdstone Aircraft Leasing Group, Inc., et al.*, 246 F.R.D. 17, 18 (D.D.C. 2007), Plaintiff has failed to provide any evidence regarding the amount of these costs, and the Court cannot award costs without adequate evidentiary support.

## IV. CONCLUSION

Based on the facts asserted and accepted as true by virtue of Defendants' default, the Plaintiff's Motion for Default Judgment is **DENIED IN PART** and **GRANTED IN PART**. Accordingly, the Court **ORDERS** and **DECLARES** as follows:

(1) Plaintiff's motion for damages in the amount of $187, 572 against Defendants Wayne Schweizer, Faith Painting LLC, and North Texas Spectrum LLC is DENIED.

(2) Plaintiff's motion for a permanent injunction is **GRANTED**. The Court hereby enters a permanent injunction against Wayne Schweizer, Faith Painting LLC, and North Texas Spectrum Painting LLC as follows:

Defendants shall immediately:

i. Cease to operate their Fresh Coat franchise or hold themselves out as a present or former Fresh Coat Franchisee;

      ii.      Cease to use, by advertising or in any manner whatsoever, any equipment, materials, confidential methods, procedures, or techniques associated with the Fresh Coat franchise system or which display any of FCFSI's trademarks, logos, slogans, or symbols;

      iii.     Turn over their Fresh Coat operations manual, brochures, contracts, correspondence, customer files, computer database records, and any other materials relating to their Fresh Coat franchise, together with all copies thereof;

      iv.     Assign their business telephone numbers to FCFSI; and

      v.      For a two year period, refrain from operating a competing business within 15 miles of any Fresh Coat franchise territory.

(3)    Plaintiff may supplement the Motion for Default Judgment with evidence upon which the Court can award costs within 21 days from the entry of this Order.

**IT IS SO ORDERED**.

Date:  May 30, 2012                                                   *s/ Timothy S. Black*
                                                                                   Timothy S. Black
                                                                                   United States District Judge