UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| F.C. FRANCHISING SYSTEMS, INC., | : | Case No. 1:11-cv-740 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WAYNE THOMAS SCHWEIZER, *et. al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO HOLD
DEFENDANTS IN CIVIL AND CRIMINAL CONTEMPT (Doc. 21) AND
GRANTING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT
(Doc. 22)**

This civil action is before the Court on Plaintiff's Motion to Hold Defendants in Civil and Criminal Contempt (Doc. 21) and Amended Motion for Default Judgment (Doc. 22). Defendants did not file responsive memoranda.

**I.       BACKGROUND FACTS AND PROCEDURAL HISTORY**

On May 30, 2012, the Court entered an Order granting in part and denying in part Plaintiff's motion for default judgment. In the Order, the Court ordered Defendants to "[a]ssign their business telephone numbers to" Plaintiff and "[f]or a two year period, refrain from operating a competing business within 15 miles of any Fresh Coat franchise territory." (Doc. 16 at 11). On June 18, 2012, Plaintiff sent a copy of the Order to Defendants. (Doc. 21 at 6-7).

On July 3, 2012, Defendant Wayne T. Schweizer filed a response to the Court's Order. (Doc. 17). Schweizer represented to the Court that the name of his business was

"North Texas Spectrum Service," that he was no longer operating an exclusive painting business, that he was operating an interior design company, that he was a home improvement salesman, that he subcontracts all painting work, and that he does not "in any way, compete against any Fresh Coat Franchisee." (*Id.*)

In July 2012, Plaintiff hired a Texas private investigator, Richard A. Slatkin. (Doc. 21 at 20). On July 26, 2012, Slatkin called a telephone number believed to be used by Defendant Schweizer. (*Id.* at 21). A man who identified himself as "Wayne with Spectrum Painting" answered the phone. (*Id.*) Slatkin told Schweizer that he was interested in getting a bid to paint a house. (*Id.*) Schweizer expressed an interest in making a bid on the job and told Slatkin to meet him at an address where he was working on a painting job. (*Id.*) Schweizer confirmed to Slatkin that he was still in the business of painting and that all painters were his employees, not sub-contractors. (*Id.* at 23). When Slatkin arrived at the address, the man identified himself as Wayne Schweizer. (*Id.* at 21). Schweizer was setting up a painting job. (*Id.*) Schweizer also gave Slatkin a business card that identified him as "Wayne Schweizer" and identified his business as "Spectrum Painting" which was "Serving North Texas." (*Id.*) Both the address where Schweizer met Slatkin and Schweizer's business address as listed on his business card are within a Fresh Coat franchise territory. (*Id.* at 7).

## II.     ANALYSIS

A.     **Motion to Hold Defendants in Civil and Criminal Contempt**

"Criminal contempt is a crime in the ordinary sense," *Bloom v. Illinois,* 391 U.S. 194, 201 (1968), and "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Hicks v. Feiock,* 485 U.S. 624, 632 (1988).

"In contrast, civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Here, in the context of this ordinary civil proceeding, and given the higher standard of proof that must be met to sustain a finding of criminal contempt, the Court currently limits its consideration to civil contempt.

Plaintiff has provided evidence showing that Defendants are violating the Court's Order of May 30, 2012 (Doc. 16) and that Defendant Schweizer made material misrepresentations to the Court in his letter filed July 3, 2012.  (Doc. 17).

As Defendants have not responded in any way, and on the merits, the Court finds Defendants Wayne Thomas Schweizer, Faith Painting, LLC and North Texas Painting, LLC ("Defendants") in civil contempt pursuant to 18 U.S.C. § 401.  Defendants shall be

3

fined $100 per day payable to Plaintiff from the date of this Order until Defendants turn over the telephone numbers in question, stop operating a painting business within a Fresh Coat franchise territory, and comply fully with the Court's Order of May 30, 2012.

### B. Amended Motion for Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is shown by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered are ordinarily not, and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. (*Id.*)

The failure of Defendants to respond to any of the pleadings has made it abundantly clear that they have no intention of defending this action. Therefore, default judgment against Defendants is warranted. Plaintiff moves for default judgment to recover the costs of pursuing this action, specifically requesting the Court to award those costs and enter judgment in the amount of $4,245 in favor of Plaintiff and against Defendants. (Doc. 22 at 2). The amount claimed is a sum certain supported by a detailed affidavit, and consequently a hearing on damages is not required. (*Id.* at 4-5).

### III.  CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's Motion to Hold Defendants in Civil and Criminal Contempt (Doc. 21) is **GRANTED IN PART**;

2. Defendants shall pay Plaintiff $100 per day from the date of this Order until the Court's Order of May 30, 2012 (Doc. 16) is complied with in full;

3. Plaintiff's Amended Motion for Default Judgment (Doc. 22) is **GRANTED**; and

4. Plaintiff is awarded judgment against Defendants for attorneys' fees and costs in the amount of $4245.00.

**IT IS SO ORDERED.**

Date: 8/27/13                                               *s/ Timothy S. Black*
                                                                                            Timothy S. Black
                                                                                            United States District Judge